Warren R. Clemens v. Commissioner.
Clemens v. Commissioner
Docket No. 5116-67.
United States Tax Court
T.C. Memo 1968-124; 1968 Tax Ct. Memo LEXIS 175; 27 T.C.M. (CCH) 599; T.C.M. (RIA) 68124; June 24, 1968, Filed *175 Warren R. Clemens, pro se, 1261 1/2 Mitchell Ave., Los Angeles, Calif. Harold W. Vestermark, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar years 1965 in the amount of $320.12. The only issue for decision is whether petitioner is entitled to deductions for dependency credit exemptions for each of his two minor children. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioner resided at the time of the filing of the petition in this case in Los Angeles, California. He filed his individual income tax return for the calendar year 1965 with the district director of internal revenue at Los Angeles, California. Petitioner and Betty C. Clemens (now Betty C. Trombley) were married in Tucson, Arizona on June 1, 1956. Two sons, Robert Warren and Donald Thomas, were born of the marriage of petitioner and Betty C. Clemens (hereinafter referred to as Betty). In the year 1965 one of the children was 8 years old and the other was 5 years old. On July 12, 1962, petitioner and Betty entered into a property settlement agreement *176 which provided in part that Betty should have the custody of the children with visitation rights provided for petitioner, that petitioner should pay to Betty $145 a month for each child for the support of that child, that he should pay alimony to Betty of $145 a month, and that petitioner should have the right to "claim the children as a tax deduction on his income tax report." The contract also provided that petitioner should maintain adequate health and medical insurance coverage for the two children. On July 18, 1962, the Superior Court of the State of California in and for the County of Orange entered an interlocutory judgment of divorce by default in the complaint of Betty against petitioner, which referred to and approved the property settlement agreement of the parties and specifically repeated the provisions of that agreement with respect to payment of alimony and support for the two children. During January, February and March of 1965 petitioner paid to Betty a total of $470 for the support of his two minor children. In March 1965 Betty moved with the two children out of the State of California and petitioner ceased making any payments towards the support of the two *177 minor children. Betty brought a suit against petitioner to require him to continue the support payments to her and for recovery of the back payments which had not been made. The Court, in an order dated October 21, 1965, stated that the declaration in Betty's complaint was true and that the amount paid and the amount delinquent were as follows: Total Accrued
Total Paid
Total Delinquent
Amount in Contempt
Child support
$3,302.50
$470.00
$2,732.50
$2,732.50 600 The Court in its order found petitioner in contempt and sentenced him to a 3-day suspended sentence on the condition that payment of the total amount in contempt of $2,732.50 be made at the rate of $75 a month, payable at the rate of $18.75 on each of the first four Fridays of each month, commencing on Friday, November 5, 1965, and that petitioner make payment of $200 per month for and in support of the minor children of the parties, the sum to be payable at the rate of $50 on each of the first four Fridays of each month commencing on Friday, November 5, 1965, and that petitioner pay counsel fees for Betty in an amount provided in the order. In its order the Court provided for a modification *178 of its prior order relating to the support of the minor children of petitioner and Betty, the modified order providing that petitioner should pay $100 per month per child for the support of the children. This order also made modifications with respect to petitioner's visitation rights with the children. On October 17, October 31, November 18, and December 17, 1965, petitioner issued checks payable to Betty C. Trombley in the amounts of $137.50 each, and on December 7, 1965, issued two checks to Betty C. Trombley in the amount of $137.50 each. Of the $825 total amount of these checks, the amount of $225 represented back support payments for the support of petitioner's minor children. Betty was not gainfully employed during the year 1965. Betty addressed a letter to respondent's counsel which was received in evidence by agreement of the parties. This letter stated: Amount contributed toward the care and support or [sic] Robert and Donnie Clemens for 1965. Rent $605.00 Food $1040.00 School Lunch $108.00 Clothing $528.00 This does not include cash for miscellaneous items such as, allowance, School supplies, Baby sitters, Church, Scouts, etc. The 8-year-old boy attended *179 public school during the year 1965, and the 5-year-old boy attended public kindergarten during that year. Petitioner on his income tax return for the year 1965 claimed a deduction for dependency credit exemptions for Robert Warren and Donald Thomas. Respondent in his notice of deficiency disallowed both of the exemptions claimed by petitioner. Opinion The issue in this case is one of fact. Petitioner is entitled to the dependency credit exemption for one or both of his children for the year 1965 only if he has established that he contributed over one-half of the support of one or both of his children in that year. The burden of proof is on petitioner. However, the Court may draw reasonable inferences from the evidence in the record, and in reaching our conclusion in this case we have drawn inferences from the evidence which we consider to be reasonable. Petitioner stated at the trial that he thought he was entitled to the dependency credit exemption in 1965 for one of the children but not for both. He arrived at this conclusion from his own estimate of the cost of support of the two children in 1965 which was $375 higher than Betty's estimate of the cost of support of the *180 two children without including certain miscellaneous expenses. Betty's estimate was not allocated between the two boys. However, the school lunch item stated in Betty's letter must have been for the 8-year old, since the 5-year old was only in kindergarten. Certainly, a 5-year old would not belong to the Scouts, and a reasonable assumption is that the cost of clothes for an 8-year old who was in regular public school would be greater than for a 5-year old who was attending public kindergarten. If we consider that the cost of clothing would be less for a 5-year-old than for an 8-year-old boy by $100 for the year, the result would be clothing costs of $314 for the 8-year-old child and $214 for the 5-year-old child. If the balance of the specific items listed as support costs by Betty are considered to be allocated equally to the two boys, the amount applicable to the 8-year-old boy is $1,234.50, and the amount applicable to the 5-year-old boy is $1,026.50. To these amounts must be added the miscellaneous expenses for each child which Betty did not itemize. Petitioner contends that the $225 of back support payments should be applied to back payments for 1965 and respondent contends *181 that these back payments should be applied to years before 1965. It is apparent that of 601 the amount of back support payments due as of October 21, 1965, approximately $500 must be applicable to years prior to 1965 if the entire $470 which had been paid is considered as support payments for 1965 as the parties agree it should be considered. Whether the $225 should be considered to be in discharge of part of the approximately $500 of back payments for years prior to 1965 or in discharge of part of the approximately $2,200 of back support payments due for the year 1965 as of October 21, 1965, we need not decide. Considering all of the facts here present, we conclude that even if petitioner paid $1,295 support for the two boys in 1965 (or $647.50 each), he has not shown that he contributed over one-half of the support of the 8-year-old boy in 1965, and even if his total support payments for the two boys in 1965 were only $1,070 (or $535 each) the preponderance of the evidence indicates that he did contribute over one-half the support of the 5-year-old boy in 1965. Some amount for miscellaneous expenses for allowances, entertainment, and cost of toilet articles such as tooth paste *182 and similar items must be added to our allocation of Betty's total itemized expenditures between the two children. If as much as $61 of such costs are allocated to the 8-year-old child petitioner has not shown that he contributed over one-half of that child's support even if we were to include the $225 in his support payments for 1965. For an 8-year old who might have belonged to the Cub Scouts in 1965 although petitioner did not think he did and might have had school supplies and church or Sunday School expenses, the amount of $61 a year for miscellaneous expenses is not unreasonable. Unless we assume over $43.50 of miscellaneous expenses for the 5-year-old child for the year 1965, the amount of $535 definitely shown to have been contributed by petitioner for his support in that year is over one-half of his support for the year. This child was in a public kindergarten. It is unlikely that he incurred any expenses for school supplies. He certainly could not have belonged to the Scouts. Since Betty did not work outside her home during 1965, we are unwilling to assume that she paid "baby sitter" fees for the 5-year old which could properly be considered support of the 5-year old. From *183 the evidence we conclude that miscellaneous expenses for the 5-year-old child in 1965 were less than $43.50. Upon consideration of all the evidence of record in this case, we conclude that for the year 1965 petitioner is entitled to the dependency credit exemption for his 5-year-old child but that he has not shown that he is entitled to the dependency credit exemption for his 8-year-old child for this year. Decision will be entered under Rule 50.